UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| In the matter of the work site located at or near<br><br>2102 Spur 136<br>Port Neches, TX 77651<br><br>under the control or custody of<br><br>TPC Group – Port Neches Operations PNO | § § § § § § § § § § | Inspection Warrant<br><br>Docket No. 1:19mj243 |

## AFFIDAVIT

I, Nadeem Shaikh, a duly authorized compliance officer of the Houston South Area Office, Occupational Safety and Health Administration, United States Department of Labor, hereby apply for an administrative inspection warrant pursuant to Section 8(a) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651 *et seq.*, § 657(a) (hereinafter referred to as "the Act"). The administrative inspection warrant is for the inspection, investigation, and search of the workplace located at or near 2102 Spur 136, Port Neches, TX 77651. The location is described as the workplace where TPC Group – Port Neches Operations PNO is believed to be engaged in the processing and storage of Butadiene, C4 Butylenes, raffinates, and other products for chemical and petroleum companies.

1. TPC Group – Port Neches Operations PNO is an employer within the meaning of Section 3(5) of the Act, 29 U.S.C. § 652(5), in that it employs employees within the meaning of Section 3(6) of the Act, 29 U.S.C. § 652(6), in a business affecting commerce, and is under and subject to the duties imposed by Section 5(a), 29 U.S.C. § 654.

2. Sections 8(a)(1) and 8(a)(2) of the Act, 29 U.S.C. §§ 657(a)(1) and 657(a)(2), specifically authorizes the Secretary of Labor to make inspections and investigations at any reasonable time, at any plant, factory, establishment, construction site, or other area, workplace or environment where work is performed by an employee of an employer.

3. The purpose of this inspection is to determine whether the conditions existing at the workplace controlled by this employer are in compliance with Sections 5(a)(1) and 5(a)(2) of the Act, 29 U.S.C. § 654(a)(1) and 654(a)(2), and the applicable regulations regarding safety hazards. Section 5(a)(1), 29 U.S.C. § 654(a)(1), requires an employer to furnish to each of his employees employment and a place of employment which is free from recognized hazards that are causing or likely to cause death or serious physical harm to his employees. Section 5(a)(2), 29 U.S.C. § 654(a)(2) requires the employer to comply with occupational safety and health standards promulgated under the Act and found at 29 CFR § 1900 *et seq.*

4. Sections 8(a)(1) and 8(a)(2) of the Act, 29 U.S.C. § 657(a)(1) and 657(a)(2), are implemented in part by OSHA Instruction CPL 02-00-163, Field Operations Manual (hereinafter FOM), Chapters 2 and 3, Program Planning and Inspections Procedures, which directs the inspection efforts of the agency. The relevant portions of the FOM is attached as Exhibit A and incorporated by reference.

5. The FOM establishes inspection priorities of the agency and the order of those priorities. The agency's first priority of accomplishment and assignment of manpower resources for inspections shall be imminent danger situations, and its second priority shall be fatality and catastrophe investigations.

6. Chapter 11 of the FOM, Imminent Danger, Fatality, Catastrophe, and Emergency Response, provides that fatalities and catastrophes shall be thoroughly investigated to attempt to determine the cause of the event, whether a violation of OSHA safety or health standards or the general duty clause has occurred, and any effect the violation had on the accident. The FOM defines a "catastrophe" as the "the hospitalization of three or more employees resulting from a work-related incident or exposure...." FOM, Ch. 11, ¶ II, A.2, attached as Exhibit A.

7. On November 27, 2019, the Houston South Area Office received a report from local media that there had been an explosion at the TPC Group – Port Neches Operations PNO (TPC Group) worksite. There was a loss of containment that resulted in the development of a flammable vapor cloud, which over time found an ignition source resulting in an explosion and fire. As a result of this incident, three employees were sent to the hospital, which meets the definition of a catastrophe.

8. On November 27, 2019, OSHA commenced its investigation into this catastrophe. As part of its investigation, OSHA intends to conduct testing and/or sampling of the equipment and other materials related to the catastrophe.

9. On November 27, 2019, a Jefferson County District Court issued a temporary restraining order at the request of Don and Melynda Brown, residents living near the worksite at the time of the fire and explosions. The Order is attached hereto as Exhibit B. The order requires TPC Group to preserve evidence from the scene and prohibits TPC Group from changing, altering, destroying, or modifying the accident scene or any surrounding tangible evidence related to the accident. To the extent that this Order could be read as a restriction of OSHA's ability to conduct its investigation, OSHA is requesting this warrant to clarify the

Agency's right to investigate this workplace catastrophe. The investigation and inspection will include entry onto the site, interviews of witnesses, and requests for documents and other tangible things. Since the issuance of this Order, OSHA has learned that at least two similar orders have been entered at the requests of other plaintiffs.

Respectfully Submitted,

_____
Nadeem Shaikh
CSHO – Chemical Engineer
Occupational Safety and Health Administration
Houston South Area Office

Sworn to before me and subscribed in my presence this 20 day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE